**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | | |
|---|---|---|---|
| In re: BILLY MILES, B75226, | ) | | |
| | ) | Case Nos. | **25-cv-12-DWD** |
| Plaintiff, | ) | | **25-cv-13-DWD** |
| | ) | | **25-cv-14-DWD** |
| | ) | | **25-cv-15-DWD** |
| | ) | | **25-cv-16-DWD** |
| vs. | ) | | **25-cv-17-DWD** |
| | ) | | **25-cv-18-DWD** |
| DAVID MITCHELL, et al., | ) | | **25-cv-19-DWD** |
| | ) | | **25-cv-20-DWD** |
| Defendants. | ) | | **25-cv-21-DWD** |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Menard Correctional Center (Menard), brings the above-captioned civil rights actions pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights concerning events that transpired at Pinckneyville Correctional Center in November of 2022.  The Court has reviewed the complaints of all ten actions and has determined that Plaintiff has not adequately demonstrated an imminent danger of serious physical harm, as would be required because he is incarcerated, has three strikes, and has applied to proceed in forma pauperis in all ten actions.  He has also been warned by the undersigned before that if he does not meet these conditions when filing a suit, and continues to file new cases, he may be subject to a filing ban.  *See Miles v. John Doe 1, et al.*, Case No. 24-cv-1286 (S.D. Ill. July 15, 2024).  Given that Plaintiff continues to

file cases without paying or demonstrating imminent danger, the Court now finds it appropriate to dismiss these cases as a sanction and to institute a filing restriction.

## Background

Plaintiff filed his first case in this District on November 2, 2023. *Miles v. Mitchell, et al.*, Case No. 23-cv-3562 (S.D. Ill.). On that same day, he filed 13 cases.[1] By March 28, 2024, Plaintiff had been assessed strikes for six of those 13 original cases. *Miles 1*, Case No. 23-cv-3562 (S.D. Ill. Mar. 26, 2024); *Miles 2*, Case No. 23-cv-3563 (S.D. Ill. Mar. 26, 2024); *Miles 3*, Case No. 23-cv-3564 (S.D. Ill. Mar. 27, 2024); *Miles 6*, 23-cv-3567 (S.D. Ill. Mar. 27, 2024); *Miles 10*, Case No. 23-cv-3571 (S.D. Ill. Mar. 27, 2024); *Miles 12*, Case No. 23-cv-3579 (S.D. Ill. Mar. 28, 2024).

Undeterred by the strikes, Plaintiff filed two additional cases on April 9, 2024. *Miles v. John Does 1, et al.*, Case No. 24-cv-1062 (Miles 14) and *Miles v. Wexford, et al.*, Case No. 24-cv-1064 (Miles 15). Case No. 24-cv-1064 was assigned to the undersigned. In both cases, the assigned judges notified Plaintiff that he was struck out, explained what strikes mean under the PLRA, and invited Plaintiff to respond as to why he did not disclose his strikes and why he should be allowed to proceed. Plaintiff ultimately asked to withdraw both cases.

---

[1] *Miles v. Mitchell, et al.*, Case No. 23-cv-3562 (Miles 1); *Miles v. Mitchell*, Case No. 23-cv-3565 (Miles 2); *Miles v. Mitchell*, Case No. 23-cv-3564 (Miles 3); *Miles v. Mitchell*, Case No. 23-cv-3565 (Miles 4); *Miles v. Mitchell*, Case No. 23-cv-3566 (Miles 5); *Miles v. Mitchell*, Case No. 23-cv-3567 (Miles 6); *Miles v. Mitchell*, Case No. 23-cv-3568 (Miles 7); *Miles v. Mitchell*, Case No. 23-cv-3569 (Miles 8); *Miles v. Mitchell*, Case No. 23-cv-3570 (Miles 9); *Miles v. Mitchell*, Case No. 23-cv-3571 (Miles 10); *Miles v. Mitchell*, Case No. 23-cv-3572 (Miles 11); *Miles v. Mitchell*, Case No. 23-cv-3579 (Miles 12); *Miles v. Mitchell*, Case No. 23-cv-3580 (Miles 13).

On May 16, 2024, Plaintiff struck again, filing a batch of eight new cases.  (Case Nos. 24-cv-1282 (Miles 16), 24-cv-1283 (Miles 17), 24-cv-1284 (Miles 18), 24-cv-1285 (Miles 19), 24-cv-1286 (Miles 20), 24-cv-1287 (Miles 21), 24-cv-1288 (Miles 22), 24-cv-1289 (Miles 23)).  All eight cases were dismissed because Plaintiff did not demonstrate that he faced imminent danger, and he did not pay the $405 filing fee.  The undersigned handled two of the cases.  In *Miles* 20, Case No. 24-cv-1286, the undersigned explained to Plaintiff that his insistence on filing new cases after being advised multiple times that he was struck out and would need to pay the filing fee or demonstrate imminent danger was becoming "increasingly frivolous and harassing in nature."  *Miles 20*, Case No. 24-cv-1286 (S.D. Ill. July 15, 2024, Doc. 7).  The Court explained that it had authority to assess sanctions and/or to institute a filing restriction or ban if Plaintiff continued to file frivolous cases.  As a sanction, it dismissed the case with prejudice.  Plaintiff was also informed that he must disclose the Order of Dismissal in *Miles 20*, Case No. 24-cv-1286 with any future cases.  (*Id.*, Doc. 7 at 6).  Plaintiff filed another case on May 31, 2024, and the case was ultimately withdrawn after he failed to demonstrate imminent danger.  *Miles v. C/O Hermann*, 24-cv-1422 (S.D. Ill. July 26, 2024) (Miles 24).

Failing to heed prior warnings, on January 2, 2025, the Court received an additional ten cases from Plaintiff.  *Miles v. Wangler, et al.*, Case No. 25-cv-12 (Miles 25); *Miles v. Doe 1,* Case No. 25-cv-13 (Miles 26); *Miles v. Doe, et al.,* Case No. 25-cv-14 (Miles 27); *Miles v. Doe, et al.*, Case No. 25-cv-15 (Miles 28); *Miles v. Doe, et al.*, 25-cv-16 (Miles 29); *Miles v. Doe, et al.*, 25-cv-17 (Miles 30); *Miles v. Desai, et al.*, 25-cv-18 (Miles 31); *Miles v.*

*Chief Executive Officer*, 25-cv-19 (Miles 32); *Miles v. Newton, et al.*, 25-cv-20 (Miles 33); *Miles v. Doe, et al.*, 25-cv-21 (Miles 34).

### Miles 25-34: The new complaints

In each of the new ten cases, Plaintiff disclosed his six strikes, but did *not* include the warning order from Miles 20, Case No. 24-cv-1286. In each case he also applied to proceed *in forma pauperis*. The Court reviewed each complaint (each about 20-30 pages in length) to assess if Plaintiff had any allegations in any pleading that suggested imminent danger. Every single case focuses on events and issues that occurred at Pinckneyville Correctional Center (or in one case, Pinckneyville and prior prisons), with the primary events arising in 2022.

In Miles 25, Plaintiff complains that in November of 2022 a John Doe officer moved him from a single-man cell to a less favorable cell, a move he believes was motivated by racial reasons. In Miles 26, Plaintiff complains that on November 29, 2022, he missed a single dose of his blood thinner medication. In Miles 27, Plaintiff complains that he was served a nutritionally inadequate Thanksgiving dinner in 2022. In Miles 28, Plaintiff complains that during a September 11, 2022, cell shakedown a reading light and hair ties were confiscated. In Miles 29, Plaintiff alleges that in May of 2022 a John Doe eye doctor promised him cataract surgery, but even after grievances from October 2022-January 2023 he still had not received surgery. In Miles 30, Plaintiff complains that from 2009 through an unspecified date John Doe Wexford supervisors and Warden Mitchell refused to provide him with 25 specific foods or other plaque flushing treatments to clear clogs in his arteries. In Miles 31, Plaintiff complains that he suffered from ongoing chest pain, but

as of July 2022 a nurse practitioner and doctor refused to order any helpful diagnostic care. A grievance response indicated he was scheduled for an x-ray (which he demanded) and had been worked up for cardiac concerns, with no further treatment recommended. In Miles 32, Plaintiff faults the Chief Executive Officer of GTL for selling him a prison tablet and then refusing to offer an option to pay for a repair of the broken headphone jack after the tablet's warranty expired. In Miles 33, Plaintiff complains that in June of 2022 two library supervisors and the Warden were restricting his access to his legal property, a restriction he alleged was retaliatory. Finally, in Miles 34, Plaintiff alleges that on December 25, 2022, he was served a nutritionally inadequate Christmas dinner.

## Analysis

As the Court has repeatedly explained to Plaintiff at this point, under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is subject to the "three strikes rule" under 28 U.S.C. § 1915(g). Plaintiff openly admitted with each of his ten new complaints that he already has six strikes.

If an inmate has three strikes under 28 U.S.C. § 1915(g), then he may not proceed without paying the full civil filing fee of $405. The only exception to this requirement is if an inmate demonstrates that he is in imminent physical danger, a requirement which

Plaintiff has not met on the facts presented. The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (*citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Every single one of the ten new complaints concerns events that transpired in 2022, at Pinckneyville Correctional Center. Plaintiff is now housed at Menard, and not even one of the complaints contained any meaningfully detailed allegations explaining how the issues complained of still impact Plaintiff today. Many of the complaints are a far cry from suggesting imminent danger. For example, the complaints about inadequate holiday meals, a single missed dose of a medication, the loss of hair ties or a flashlight during a shakedown, and the allegations about a broken headphone jack could virtually never amount to a valid constitutional claim as pled. Though the assertion in Miles 25 that Plaintiff believes he was moved from one cell to another for racial reasons might be closer to something that could state a claim of constitutional magnitude, this move happened at a different prison, so there is no suggestion of present imminence. The same goes for the assertion in Miles 33 about accessing legal boxes, perhaps a claim could be

stated if Plaintiff had been able to show this hindered his access to the Courts and caused a real impact to a meritorious claim, but there is no such suggestion.

The closest call is presented by the three cases—Miles 29, 30, and 31, which all deal with medical issues. Miles 29 deals with a 2022 promise for cataract surgery, which had not come to fruition as of January 2023 when attached grievances were fully resolved on the topic. Perhaps the need for cataract surgery is still present, but Plaintiff has not said anything to make it seem pressing or urgent, in fact he gives no update at all on his current vision. In Miles 30, he complains about clogged arteries, but he does so by demanding access to 25 specific foods and some sort of artery-flush medical procedure. Inmates are not entitled to demand specific medical care, and the grievance responses he attached to Miles 30 indicated that he was receiving ongoing care for his cholesterol and hypertension. With no update on Plaintiff's current condition, there is no imminent danger. Likewise, in Miles 31 Plaintiff complained of severe chest pain in 2022, which he alleges was not being treated, but the grievance responses indicated he was scheduled for further diagnostic testing and had received a cardiac work-up. Without an update on the situation, Plaintiff has not established imminence. It is also important to note all three of these cases name defendants at Pinckneyville, and Plaintiff now resides at Menard. This significantly diminishes the possibility of any relief tailored towards ongoing medical needs, because if an inmate sues about an issue and seeks injunctive relief, but is then transferred, the request for injunctive relief is almost always rendered moot.

Given the foregoing analysis of the ten new cases, the Court finds that Plaintiff has failed to demonstrate that he faces an imminent danger of serious harm, as would be

required to proceed without paying a filing fee under 28 U.S.C. § 1915(g). Ordinarily, if an inmate has three strikes and does not meet the imminent danger threshold, the Court will afford the inmate an opportunity to pay the $405 filing fee if he would like to maintain the suit. However, the Court has already offered Plaintiff this opportunity in 11 cases (Miles 14-24), and he has never taken it. In each of those cases, the Court has also warned him that if he continues to file cases that lack a showing of imminent danger, and are not accompanied by a filing fee, then he may be subject to sanction or even a filing ban.

In Miles 20, the undersigned dismissed Plaintiff's case with prejudice as a sanction for his ongoing frivolous behavior, and explicitly warned him that if he filed new cases that were found to be frivolous, then he may be subject to further outright dismissals and a filing ban. In light of this history, the Court now finds it appropriate to dismiss all ten new cases as a sanction, and to impose a filing ban.

Courts possess authority to implement restrictions or filing bans for litigants who become unmanageable or whose litigation efforts needlessly absorb court resources. *See Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), *and Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Plaintiff was previously warned by the Chief Judge of this District that if he continued to file excessive, frivolous cases, then he may be subject to a sanction or a filing ban. *See e.g., Miles v. Mitchell*, 2023 WL 7553850 (S.D. Ill. Nov. 14, 2023), Case No. 23-cv-3562-NJR (Doc. 9). And he was again warned by the undersigned in Miles 20 that he may be subject to such a ban. *Miles 20,* Case No. 24-cv-1286. In Miles 20, the undersigned explicitly cautioned,

> If Plaintiff files any future cases either as a standalone or in mass batches, and those cases are found to be frivolous or lack a showing of imminent danger, then Plaintiff may be subject to a filing restriction in this District. **Plaintiff is required to disclose this Order with any future filings**.

*Miles 20*, Case No. 24-cv-1286 (S.D. Ill. July 15, 2024 Order, Doc. 7 at 5).

First, the Court will dismiss all ten cases as a sanction, because Plaintiff has been clearly and repeatedly warned that he cannot continue to file cases about issues that present no imminent risk of harm. He also ignored the Court's directive in *Miles 20*, and did not disclose the filing-ban warning order. For these reasons, the Court now has no hope that Plaintiff will respect orders of the Court, and it finds it appropriate dismiss his cases having concluded there is no imminent danger to conserve judicial resources. *See e.g. Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011) (discussing the district court's inherent authority to dismiss a case as a sanction); *Hughes v. Varga*, 2021 WL 3028145 (7th Cir. July 19, 2021) (finding that a court had inherent authority to dismiss a case with prejudice where the inmate litigant willfully abused the judicial process).

The Court considered if lesser sanctions, such as a monetary penalty might be effective, but it does not find that a monetary fine would have any impact on Plaintiff. In Miles 25-34, each of his applications to proceed in forma pauperis indicates that he has $0. Additionally, a review of the Court's financial records indicates that he still owes $7,324.57 for the 24 cases he filed in this District prior to Miles 25-34. Assessing just the standard $405 filing fee for each of his ten new cases, Plaintiff will now owe an additional $4,050, for a grand total of $11,374.57. As an individual in custody, with zero income, and zero funds in his prison trust account, it is unreasonable to think that any additional

monetary penalty would serve as a deterrent.  The full filing fee of $405 attached at the time that Plaintiff filed these ten lawsuits, so he remains obligated to pay that fee.  *See* 28 U.S.C. § 1915(b)(1); *Pope v. William*, 2019 WL 11585361 (N.D. Ill. Sept. 25, 2019) (dismissing two cases as a sanction and finding that plaintiff was still obligated to pay the full filing fee).  While the Court finds it appropriate to assess the $4,050 for the new cases (Miles 25-34) because filing fees are incurred when cases are received for filing, it also finds it necessary to impose additional measures to stop the flow of Plaintiff's incessant filings.  *See e.g.*, *Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (if financial sanctions have no impact, a court may consider other sanctions tailored to the specific abusive behavior at hand).

Given that the strong warnings from multiple judges, the dismissal of a case with prejudice (Miles 20), and the aggregation of countless filing fees with no means to pay ($7,324.57 before these new cases), have not deterred Plaintiff, the Court now finds it appropriate to issue a restriction.  The terms of the new filing restriction are as follows:

> Plaintiff has filing fees of $11,374.57 in this District.  He  must pay these filing fees in full before any new civil litigation (or any papers in his closed civil cases) may be filed in this District.  The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until Plaintiff's filing fees are paid.
>
> This filing restriction <u>does not apply to any document submitted to appeal this filing restriction in this case, habeas corpus filings, filings made in any criminal case, or filings as a defendant in a civil case</u>.  This filing restriction also DOES NOT apply to Plaintiff's filings in the two civil cases that Plaintiff is still actively pursuing—*Miles v. Mitchell*, Case No. 23-cv-3568 (Miles 7) and *Miles v. Mitchell*, Case No. 23-cv-3572-NJR (Miles 11).
>
> If Plaintiff is unable to pay his fees in full, he may apply in writing to lift or modify this filing restriction no sooner than two years from the date of this Order.  He must do so by filing a written request with the undersigned bearing Case Number 25-cv-12-DWD.  His request must explain why he has not been able to pay the fees despite his best efforts to do so.  By contrast, if

Plaintiff pays all of his fees, he may apply for the ban to be lifted or modified on or after the date that he has paid all fees.

The undersigned also considered if this restriction should include an exception for an assertion of a new imminent danger, such as the exception that the Seventh Circuit made in a filing ban for another inmate. *See Norfleet v. Baldwin,* 2021 WL 3869748 at * 1 (7th Cir. 2021) (granting an inmate's motion to modify his filing restriction to allow for filings if there is an allegation of imminent danger), *but see Stone v. Roseboom*, 803 Fed App'x 947 (7th Cir. 2020) (discussing a filing ban that did *not* contain an imminent danger exception). Here, the Court will not include an explicit imminent danger exception to Plaintiff's filing restriction, because such an exception would render the restriction meaningless. Plaintiff clearly has no respect for the imminent danger standard, and if the present restriction included this exception, he would undoubtably abuse it.

## <u>Disposition</u>

**IT IS HEREBY ORDERED THAT** the above-captioned cases are dismissed with prejudice as a sanction for Plaintiff's continual litigation despite his 3 strikes, and because the complaint fails to state a claim.

The Clerk of Court is **DIRECTED** to collect the $405 filing fee in <u>each matter</u>. This means that Plaintiff has incurred an additional $4,050 in fees for these ten cases. The Clerk of Court is also **DIRECTED** to enter judgment and to **CLOSE** these cases.

The Clerk of Court is **DIRECTED** to place Billy Miles on the restricted filer list, subject to the following restrictions:

Plaintiff has filing fees of $11,374.57 in this District. He must pay these filing fees in full before any new civil litigation (or any papers in his closed

civil cases) may be filed in this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until Plaintiff's filing fees are paid.

This filing restriction <u>does not apply to any document submitted to appeal this filing restriction in this case, habeas corpus filings, filings made in any criminal case, or filings as a defendant in a civil case</u>. This filing restriction also DOES NOT apply to Plaintiff's filings in the two civil cases that Plaintiff is still actively pursuing—*Miles v. Mitchell*, Case No. 23-cv-3568 and *Miles v. Mitchell*, Case No. 23-cv-3572-NJR.

If Plaintiff is unable to pay his fees in full, he may apply in writing to lift or modify this filing restriction no sooner than two years from now. He must do so by filing a written request with the undersigned bearing Case Number 25-cv-12-DWD. His request must explain why he has not been able to pay the fees despite his best efforts to do so. By contrast, if Plaintiff pays all of his fees, he may apply for the ban to be lifted or modified on or after the date that he has paid all fees.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: February 4, 2025

DAVID W. DUGAN
United States District Judge